IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DARRYL PARKISON,<br>Reg. No. 46256-380,<br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | EP-19-CV-26-DCG<br>EP-14-CR-2070-DCG-1 |

## MEMORANDUM OPINION AND ORDER

Darryl Parkison seeks relief from his sentence through a pro se motion under 28 U.S.C. § 2255 (ECF No. 40).[1] He explains the Court sentenced him to 52 months' imprisonment after he pleaded guilty to a charge of felon in possession of a firearm. He claims his attorney provided constitutionally ineffective assistance.

After reviewing the record and for the reasons outlined below, the Court will deny Parkison's § 2255 motion as untimely. The Court will additionally deny Parkison a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

Parkison burglarized multiple storage units in El Paso, Texas, between December 20, 2013, and January 28, 2014. He stole two firearms from one of the units—a Savage, Model 11, .223 caliber, semi-automatic rifle, and a PTR industries .308 semi-automatic rifle. He sold one rifle for $300 and the other for $600.

---

[1] "ECF No." refers to the Electronic Case Filing ("ECF") number for documents docketed in EP-14-CR-2070-DCG-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

Parkison was charged by state authorities with five burglaries. He pleaded guilty to each on September 26, 2014, and the 168th Judicial District Court in El Paso County sentenced him to concurrent, four-year sentences in the custody of the Texas Department of Criminal Justice.

Parkison had a prior felony conviction for possession of methamphetamine. *State v. Parkison*, Cause No. 20080D01852 (168th Dist. Ct., El Paso Cnty., Tex. May 22, 2008). Consequently, he was indicted by a grand jury in the Western District of Texas on November 5, 2014, and charged with felon in possession of a firearm (count one) and possession of a stolen firearm (count two). He was imprisoned at the J. Middleton Unit, in Abilene, Texas, at the time of his indictment. He was temporarily transferred to federal custody on a writ of habeas corpus ad prosequendum for his trial.

On May 12, 2015, Parkison pleaded guilty, pursuant to a plea agreement, to count one of the indictment. With a total offense level of 17 and a criminal history category of V, Parkison's advisory sentencing guideline range was 46 to 57 months' imprisonment. Statement of Reasons 1, ECF No. 38. But the parties agreed in the plea agreement—under Federal Rule of Criminal Procedure 11(c)(1)(B)[2]—"that a sentence of fifty-two (52) months of incarceration [was] appropriate and reasonable under the circumstances of this case." Plea Agreement 3, ECF No. 26.

The Court accepted the recommendation of the parties and entered judgment on August 12, 2015, sentencing Parkison to 52 months' imprisonment. J. in Crim. Case 2, ECF No. 37. The Court did not refer to Parkison's state sentences for the burglaries or other offenses in the judgment. "Well-settled federal law presumes that when multiple terms of imprisonment are

---

[2] *See* Fed. R. Crim. P. 11(c)(1)(C) ("If the defendant pleads guilty . . ., the plea agreement may specify that an attorney for the government will . . . agree that a specific sentence . . . is the appropriate disposition of the case . . .").

imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003).

Parkison did not appeal.

In his § 2255 motion, Parkison claims his attorney provided constitutionally ineffective assistance when he failed to (1) challenge the computation of his criminal history; (2) request credit for time served in state custody; and (3) ask the Court to run his sentence concurrently with any state-imposed sentences. He asks the Court to adjust his sentence to account for time served on the state burglary offenses—which he describes as relevant conduct to the instant felon in possession of a firearm offense—and to order his federal sentence to run concurrently with the remainder of any undischarged state sentences.[3]

## APPLICABLE LAW

A § 2255 motion is subject to a one-year limitations period. 28 U.S.C. § 2255(f) (2012). A federal prisoner must file his motion within one year from the date on which (1) the judgment became final; (2) the government-created impediment to filing the motion was removed; (3) the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion; or (4) the petitioner could have discovered, through due diligence, the factual predicate for the motion. *Id.*

The one-year limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'" *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th

---

[3] *See* Presentence Investigation Report ¶ 57, ECF No. 34 ("Pending Charges A records check in the State of New Mexico revealed the defendant has active warrants pending for five separate criminal cases. On July 15, 2013, the defendant was charged with Ct. 1: Forgery-$2,500 or less, Ct. 2: Possession of a Controlled Substance (methamphetamine-felony), and Ct. 3: Use or Possession of Drug Paraphernalia, under Dkt. No D-1010-CR-2013-00064, in the Quay County Court, in Tucumcari, New Mexico.").

Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). It "is permitted only 'in rare and exceptional circumstances.'" *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Such circumstances include situations in which a movant is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'" *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999)). Additionally, "'[e]quity is not intended for those who sleep on their rights.'" *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'" *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)). Moreover, a movant has the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). To satisfy his burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing a § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion. *Cousin*, 310 F.3d at 848.

## ANALYSIS

In most cases, § 2255's limitations period begins to run when the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 524 (2003). A judgment becomes final when the applicable period for seeking direct review expires. *Clay*, 537 U.S. 522 at 525; *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

The Court entered Parkison's judgment on August 12, 2015, and his conviction became final on August 26, 2015, the last day on which he could have appealed to the Fifth Circuit Court of Appeals. Fed. R. App. P. 4(b)(1)(A); *United States v. Johnson*, 457 U.S. 537, 542 n.8 (1982). Consequently, the Court finds Parkison's time for filing a § 2255 motion within one year after his conviction became final expired on August 26, 2016. The Court deems Parkison's § 2255 motion filed on January 14, 2019, the day he signed the certificate of service and presumably placed it in the prison mail system. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir.1998)). The Court notes this filing was 872 days after the limitations expired. The Court accordingly finds Parkison's § 2255 motion was unambiguously *not* filed within one year after his conviction became final.

Parkison suggests a government-created impediment prevented him from timely filing his motion. 28 U.S.C. § 2255(f)(2). He explains he was "returned to the State of Texas on October 15, 2015, to finish [his] Texas sentence." Mot. to Vacate 11, ECF No. 40. He maintains the state prison "had no federal law books . . . [a]nd [he] had no knowledge of federal statutes or sentencing guidelines." *Id.* He claims it was not until he arrived at the Federal Correctional Institution in Phoenix, Arizona, on July 26, 2018, that he "had full access to all federal codes, and sentencing guidelines and [a] law library." *Id.* He asserts it was only then that he learned "what a 2255 motion was." *Id.* at 12. He argues:

> Only when I had all access to my files, sentence start date and P.S.I. was I able to find my attorney's ineffectiveness and depriving me of my Sixth Amendment Right. . . . I should have been sentenced under [Sentencing Guideline §] 5G1.3(b) and should have had my sentence adjusted and it be running concurrent. As to my attorney's ineffectiveness I am having to do four (4) years longer than the guidelines states [sic] as to imposition of a sentence to an undischarged term of imprisonment Chapter 5 of USSG 5G1.3.
>
> There is no way I could have had as this knowledge due to the government impediment when I was sent back to Texas authorities and not even had my

sentence information from the Federal Bureau of Prisons nor any legal materials, B.O.P. policy statement or access to my federal files all this was lifted on July 26, 2018.

*Id.* But it is well settled that serving time in state custody before beginning a federal term of imprisonment does not impede a movant from seeking relief under 28 U.S.C. § 2255. *See Simmons v. United States*, 437 F.2d 156, 159 (5th Cir.1971) ("§ 2255 is available to a prisoner in state custody attacking a federal sentence scheduled to be served in the future.").

Parkison does not assert in his § 2255 motion that his motion is timely because the Supreme Court initially recognized the legal predicate for his motion and made it retroactively applicable to cases on collateral review within the past year. 28 U.S.C. § 2255(f)(3). Finally, he does not claim in his § 2255 motion that he recently discovered the factual predicate through the exercise of due diligence. *Id.* § 2255(f)(4). Thus, it appears from the face of Parkison's § 2255 motion that it is time barred, and must be dismissed, unless equitable tolling applies.

"'Equitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'" *Fisher*, 174 F.3d at 715 n.14 (quoting *Pacheco*, 966 F.2d at 906–07). Courts reviewing § 2255 motions "have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005). "Further, the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the . . . statute of limitations." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008).

Consequently, the Court determined after screening Parkison's § 2255 motion that he had not shown "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing of a § 2255 motion. *Lawrence*, 549 U.S. at 336.

Thus, the Court further determined that it appeared from the face of Parkison's § 2255 motion that it was untimely and that he was not entitled to equitable tolling.

Although the statute of limitations is typically considered an affirmative defense, a district court may raise the defense on its own motion and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). A district court may dismiss a motion as untimely on its own initiative, however, only after it gives fair notice to the movant and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 210 (2006). For that reason, the Court ordered Parkison to show cause why it should not dismiss his § 2255 motion as time barred. Order to Show Cause, Feb. 22, 2019, ECF No. 41.

In his response, Parkison asserts he did not learn of the factual predicate for his claim until his transfer to federal custody:

> July 26, 2018 is the first date I found out I did not have a concurrent sentence under U.S.S.G. 5G1.3(b). And it is the date the factual predicate became known to me. And I needed to file a 2255 Motion to challenge my silent sentence.
>
> . . . .
>
> This Motion filed January 17th, 2019, six (6) months and twenty five (25) days after predicate fact became known. This Motion is timely or be [sic] "Equitable Tolling".

The statutory limitations period for a § 2255 motion may commence "when the factual predicate 'could have been discovered through the exercise of due diligence', not when it was actually discovered by a given prisoner." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000), *as amended* (Jan. 22, 2001). But "the trigger . . . is (actual or imputed) discovery of the claim's 'factual predicate', not recognition of the facts' legal significance." *Id.*

Here, the parties agreed to a 52-month sentence in the plea agreement:

> The parties also agree pursuant to F.R.Cr.P. Section 11(c)(1)(B) (non-binding sentencing recommendation) as part of this Plea Agreement to make a non-binding recommendation to the Court on Sentencing. The Defendant and the Government agree that a sentence of fifty-two (52) months of incarceration is appropriate and reasonable under the circumstances of this case. The parties agree not to advocate the imposition of any different sentence than recommended herein.

Plea Agreement 3, ECF 26. Notably, the parties did not agree that Parkison would serve his federal sentence concurrently with his state sentences.

The Court accepted the agreed terms and sentenced Parkison in accordance with the plea agreement—not in accordance with the Sentencing Guidelines—to 52 months' imprisonment:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of fifty-two (52) months.
> The Court makes the following recommendations to the Bureau of Prisons:
> That the defendant serve this sentence at F. C. I. Phoenix, Arizona.
> That the defendant be evaluated for and permitted to attend the 500 - Hour Intensive Drug Abuse Education Program.
> The defendant shall remain in custody pending service of sentence.

J. in Crim. Case 2, ECF No. 37. Nowhere does the Court suggest that Parkison would serve his federal sentence concurrently with his state sentences. Moreover, as the Court noted above that "[w]ell-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run *consecutively* unless the district court specifically orders that they run concurrently." *Free*, 333 F.3d at 553 (emphasis added).

Parkinson could have discovered the *factual* predicate for his claim through the exercise of due diligence when the Court entered its judgment on August 12, 2015. He apparently did not recognize the *legal significance* of the Court's judgment until he entered federal custody on July 26, 2018. Hence, his § 2255 motion is time barred. And Parkinson cannot satisfy his burden of showing that some extraordinary circumstance stood in his way of timely filing a § 2255 motion and that he has been pursuing his rights diligently. *Lawrence*, 549 U.S. at 336. The Court

concludes, therefore, that Parkison's motion is untimely, that he is not entitled to equitable tolling, and that it need not address the merits of his claims.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to certificate of appealability determination in context of § 2255 proceedings). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Here, reasonable jurists would not debate the Court's conclusions that Parkison's motion is time barred and that it should not equitably toll the limitations period. The Court will not issue a certificate of appealability.

## CONCLUSION AND ORDERS

The Court concludes that Parkison's motion is untimely, that he is not entitled to equitable tolling, and that the Court need not address the merits of his claims. The Court further concludes that Parkison is not entitled to a certificate of appealability. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Parkison's pro se motion under 28 U.S.C. § 2255 (ECF No. 40) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE** as untimely.

IT IS FURTHER ORDERED that Parkison is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

IT IS FURTHER ORDERED that all pending motions, if any, are **DENIED** as moot.

IT IS FINALLY ORDERED that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this 29th day of March 2019.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE