UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | EP-14-CR-2070-DCG-1 |
| DARRYL PARKISON. | § § | |

**ORDER DENYING DEFENDANT'S MOTION FOR CONCURRENT SENTENCES**

Darryl Parkison, Register Number 46256-380, moves the Court to clarify his federal sentence. Mot., ECF No. 49. More specifically, he asks the Court to issue a "nun pro tunc" to credit him for the 930 days he spent serving his state sentences before his release to federal custody to begin serving his federal sentence. *Id*. at p. 3. The Court will clarify his sentence, but it will not order that he retroactively receive credit against his federal sentence for the time credited against his state sentences.

Parkison burglarized multiple storage units in El Paso, Texas, between December 20, 2013, and January 28, 2014. He stole two firearms from one of the units—a Savage, Model 11, .223 caliber, semi-automatic rifle, and a PTR industries .308 semi-automatic rifle. He sold one rifle for $300 and the other for $600. He was charged by state authorities for six burglaries. He pleaded guilty to each on September 26, 2014, and the 168th Judicial District Court in El Paso County sentenced him to concurrent, four-year sentences in the custody of the Texas Department of Criminal Justice. *State v. Parkison*, Cause Nos. 20140D01068, 20140D01535, 20140D02058, 20140D02059, 20140D02373, 20140D02417 (168th Dist. Ct., El Paso Cnty., Tex. Sept. 25, 2014).

Parkison had a prior felony conviction for possession of methamphetamine. *State v. Parkison*, Cause No. 20080D01852 (168th Dist. Ct., El Paso Cnty., Tex. May 22, 2008).

Consequently, he was indicted by a grand jury in the Western District of Texas on November 5, 2014 and charged with felon in possession of a firearm (count one) and possession of a stolen firearm (count two). He was imprisoned at the J. Middleton Unit, in Abilene, Texas, at the time of his indictment. He was temporarily transferred to federal custody on a writ of habeas corpus ad prosequendum for trial. On May 12, 2015, Parkison pleaded guilty, pursuant to a plea agreement, to count one. With a total offense level of 17 and a criminal history category of V, Parkison's advisory sentencing guideline range was 46 to 57 months' imprisonment. Statement of Reasons, ECF No. 38, p. 1. But he had come to an understanding with the Government in the plea agreement—under Federal Rule of Criminal Procedure 11(c)(1)(B)[1]—"that a sentence of fifty-two (52) months of incarceration [was] appropriate and reasonable under the circumstances of this case." Plea Agreement, ECF No. 26, p. 3. He was sentenced to 52 months' imprisonment after the Court accepted the recommendation and entered judgment on August 3, 2015. J. in Crim. Case, ECF No. 37, p. 2.

Parkison now asks the Court to order that he retroactively receive credit toward his federal sentence for the 930 days between August 3, 2015—the date of his federal sentencing—and February 20, 2018—the date he was released by state authorities to serve his federal sentence. Mot., p. 3. In other words, he asks the Court to retroactively "order his federal sentence to run concurrent to his undischarged Texas sentence with a federal sentence start date [of] August 03, 2015." *Id.*

---

[1] *See* Fed. R. Crim. P. 11(c)(1)(C) ("If the defendant pleads guilty . . ., the plea agreement may specify that an attorney for the government will . . . agree that a specific sentence . . . is the appropriate disposition of the case . . .").

"Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003). The Court did not refer to Parkison's state sentences for the burglaries or other offenses at his sentencing hearing or in the judgment. J. in Crim. Case, ECF No. 37, p. 2. The Court did not intend that Parkison serve his federal sentence concurrently with his state sentences.

Furthermore, a federal sentence does not commence until the Federal Bureau of Prisons (BOP) receives a defendant into its custody to serve a sentence:

> **(a) Commencement of sentence.** -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). The BOP may grant credit against a federal sentence for time spent in pretrial custody if the time is not also credited against another sentence:

> **(b) Credit for prior custody.** -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

*Id.* § 3585(b) (emphasis added). The Supreme Court explains when Congress enacted § 3585(b), it "made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992).

A defendant's time spent in custody under a writ of habeas corpus ad prosequendum is

-3-

not considered for prior custody credit because, when a defendant in state custody is turned over to federal officials for a federal prosecution, the state government's "loss of jurisdiction is only temporary." *United States v. Londono*, 285 F.3d 348, 356 (5th Cir. 2002) (citing *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980)). A writ of habeas corpus ad prosequendum "is only a 'loan' of the prisoner to the federal jurisdiction." *Bush v. Fox*, 453 F. App'x 494, 495 (5th Cir. 2011) (citing *Causey*, 621 F.2d at 693).

Parkison received credit toward his state sentences for the period from August 3, 2015 through until February 20, 2018. According to 18 U.S.C. § 3585(b), he is not entitled to custody credit against his federal sentence for this time credited against his state sentence. *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003) (holding that BOP was not required to credit the time defendant spent in state custody, which was credited toward his state sentence, toward his federal sentence because that time was already credited against state sentence).

Therefore, for these reasons, the Court finds that it should, and accordingly will, **DENY** Parkison's motion for the Court to retroactively order that he serve his federal sentence concurrently with his state sentences (ECF No. 49).

**SIGNED** this __29th__ day of April 2020.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE